McAndrew v. Walsh.

---

JOHN McANDREW, appellant,

v.

PETER WALSH, respondent.

31  331
60  254

1. On a bill for an accounting, not alleging the existence of a partnership, but that the complainant is, by a verbal agreement with the defendant, entitled to one-half of the profits of a contract to build a tunnel, if the complainant fails to prove such verbal agreement, he cannot obtain relief in equity, on the ground that the evidence shows that he was to be paid out of the profits whatever his services were worth.

2. *Query*, Whether, if an agreement had been shown entitling the complainant to a share of the profits, not as a partner, but by way of compensation for services as employe, the bill would be good for an accounting in the first instance, without bringing an action at law to recover the stipulated moneys.

---

Mr. *F. B. Colton* and Mr. *Hamilton Odell*, for appellant.

Mr. *John Linn*, for respondent.

NOTE.—In this case no briefs were furnished to the reporter.—REP.

McAndrew *v.* Walsh.

On appeal from the following decree, advised by Barker Gummere, esq., a special master :

THE MASTER.

This cause coming on to be heard before Barker Gummere, esquire one of the masters of this court (to whom said cause was referred by the chancellor, to hear the same for the chancellor, and report thereon, and advise what order or decree should be made thereon), at the state house, in Trenton, on the 29th day of June, 1878; and the pleadings and proofs in the cause having been read, and the argument of counsel heard thereon, and the said master having taken time to consider the same, and the said master having made his report thereon to the chancellor, and having found, as matters of fact in said cause:

That the said complainant was not a partner with said defendant in the contract for making the Bergen tunnel, nor in the work done under said contract; and that the said complainant was employed by said defendant to assist him in and about the work done under said contract, and the performance thereof; and that said complainant rendered service to the said defendant, in said employment, in superintendence and otherwise, but that the length of such employment, and whether continuous or not, was not satisfactorily proven; and that said defendant was not proven to have agreed to pay to said complainant one-half of the profits arising from the performance of said contract, as compensation for such services or otherwise; and that there was no agreement between them for a specific compensation or rate of compensation, and that said complainant was to be paid a reasonable compensation for his said service, out of the profits arising from said contract, if a profit arose therefrom, and that, if there were no profits, he was not to be entitled to compensation; and that said complainant furnished a team (two horses and a wagon or wagons) to said defendant, for use in the performance of said contract, and that said team was used therein, the length and extent

McAndrew *v.* Walsh.

of said use not being satisfactorily proven; and that said complainant advanced money to said defendant in and about the performance of said contract, and paid money for his use in and about the same, upon the understanding and agreement between them that such advances and payments should be repaid by said defendant to said complainant out of the moneys to be paid to said defendant upon the contract, but that there is no satisfactory evidence of the amount of such advances and payments, nor of the amount to which they have been repaid by said defendant; and that the said complainant, with the knowledge and assent of said defendant, advanced wages to the laborers employed by said defendant, and also sold goods to said laborers, upon an understanding and agreement between the said complainant and defendant that the amount of the wages so advanced, and the price of the goods so sold, should be reported to said defendant, and should be collected and retained monthly by said defendant, out of the wages due from said defendant to said laborers, and be paid monthly by said defendant to said complainant; and that said defendant did make monthly collections, and did make monthly payments, under said agreement, to said complainant, but that there is no evidence in the cause from which satisfactorily to determine whether any or what amount is due from said defendant to said complainant on account of the said agreement or the collections and payments thereunder; and that the said defendant rendered the said service of collection and payment to said complainant, at his request, and that the said defendant is entitled to a reasonable compensation therefor; and the said master being of opinion that the said complainant is entitled to be paid, out of the profits arising from the performance of the contract for the Bergen tunnel, such sum as shall be ascertained to be a reasonable compensation for his services rendered to said defendant in and about the performance of said contract; and that, as his right to compensation depends upon the fact whether profits have accrued under

the contract, and, if profits have accrued, whether they are
sufficient wherewith to pay him such compensation, or any
balance thereof found due to him, said complainant is enti-
tled to have an account taken of said profits, unless the said
defendant will admit said profits to an amount equal to the
compensation to which said complainant shall be found to be
entitled; and that said complainant is entitled to be paid,
out of the moneys due to said defendant upon said contract,
all sums of money which he has advanced to said defendant,
or has paid for his use in and about the performance of
said contract, and which have not been repaid by said
defendant; and that said complainant is entitled to be paid,
out of the moneys last aforesaid, all moneys which the
defendant has collected and retained from the wages of his
laborers, or which he might, with reasonable diligence,
have collected and retained for the use of said complainant,
for wages by him advanced, and goods by him sold, to said
laborers, and of which advances or sales said complainant
had given previous notice to said defendant, and which the
said defendant has not heretofore paid to the said complain-
ant; and that said defendant is entitled to receive from said
complainant a reasonable compensation for his services in
making the aforesaid collections and retentions from the
said laborers' wages, and paying over the same to said com-
plainant; and that the amount of such compensation, when
ascertained, will be a proper set-off against any amount
found due to said complainant from said defendant, under
the findings of fact or conclusions of law before stated;
and that the evidence already taken in the cause, so.far as
it is material, should be used by either party, but that fur-
ther testimony should be produced by both parties in sup-
port and disproof of the items of their respective claims;
and that there should be a reference to a master, to take
and state an account of the profits which have accrued to
said defendant in the performance of the aforesaid Bergen
tunnel contract, unless the said defendant, before the taking
of said account, shall deliver to the master his stipulation,

McAndrew *v.* Walsh.

in writing, admitting, for the purposes of this suit, that said profits are equal to such amount as may be found to be a reasonable compensation to said complainant for his services in and about the performance of said contract, by superintendence and otherwise, and also of the extent and nature of the said services of said complainant to said defendant in and about the performance of said contract, and during what periods the same were rendered, and what would be a reasonable compensation for such services, and, also, of the extent and nature of the use which was made by said defendant of the horses and wagon or wagons of said complainant, and during what periods the same were so used, and what would be a reasonable compensation for such use; and, also, of what moneys the said complainant has advanced to, or paid for the use of, the said defendant, in and about the performance of said contract, and which have not been heretofore repaid by the said defendant to the said complainant, and, also of what moneys the said defendant has collected and retained for the use of said complainant, for wages by him advanced and goods by him sold to said laborers, and of which advances and sales said complainant had given previous notice to said defendant, and which said defendant has not heretofore paid over to said complainant; and, also, what would be a reasonable compensation to be paid by the said complainant to the said defendant, for his services in collecting and retaining from the wages of his said laborers the said sums due from them to said complainant, and paying over the same to said complainant; and that, in taking said account, the master should set off the compensation found to be due to said defendant for the said collection and payment, against any sums found to be due from said defendant to said complainant, upon the taking of the account so as aforesaid directed; and that the injunction heretofore issued in this cause should be so far modified as to permit the Delaware, Lackawanna and Western Railroad Company to pay to said defendant all moneys due from them to him on account of

McAndrew v. Walsh.

the making of said Bergen tunnel, save and except the sum of $25,000, as to which sum the said injunction should be retained:

DECREE.

It is now, on this 6th day of November, 1878, by Theodore Runyon, esquire, chancellor of the state of New Jersey, ordered, adjudged and decreed, and the said chancellor doth, by virtue of the power and authority of this court, hereby order, adjudge and decree, that the said complainant is entitled to be paid, and that the said defendant do pay to him, out of the profits arising from the performance of the said contract for the Bergen tunnel, such sum as shall be a reasonable compensation for his services rendered to said defendant in and about the performance of said contract, and that the said complainant is entitled to have an account taken of such profits, unless the defendant will admit said profits to an amount equal to the compensation to which the said complainant shall be found to be entitled.

And it is further ordered, adjudged and decreed, that said complainant is entitled to be paid, and that said defendant do pay to him, out of the moneys due to said defendant upon said contract, all sums of money which he has advanced to said defendant, or has paid for his use in and about the performance of said contract, and which have not been repaid by said defendant.

And it is further ordered, adjudged and decreed, that the said complainant is entitled to be paid, and that said defendant do pay to him, out of the moneys due to said defendant upon said contract, all moneys which said defendant has collected and retained from the wages of his laborers, or which he might, with reasonable diligence, have collected and retained for the use of complainant for wages by him advanced, and goods by him sold to said laborers, and of which advances or sales said complainant had given notice

McAndrew *v.* Walsh.

to said defendant, and which the defendant has not heretofore paid over to said complainant.

And it is further ordered, adjudged and decreed, that the said defendant is entitled to receive from said complainant a reasonable compensation for his services in making the aforesaid collections and retentions from the said laborers' wages, and paying over the same to said complainant, and that such amount, when ascertained, shall be allowed as a set-off against any amount found due to said complainant from said defendant in the accounting to be had between them by virtue of this decree.

And it is further ordered, adjudged and decreed, that it be referred to Isaac Romaine, esq., one of the masters of this court, to take and state an account of, and that he report to this court, the profits which have accrued to said defendant in the performance of the aforesaid Bergen tunnel contract, unless the said defendant, before the taking of said account, shall deliver to said master his stipulation, in writing, admitting, for the purposes of this suit, that said profits are equal to such amount as may be found to be a reasonable compensation to said complainant for his services in and about the performance of said contract, by superintendence and otherwise, and also to ascertain and report to this court the extent and nature of the said services of said complainant to said defendant in and about the performance of said contract, and during what period the same were rendered, and what would be a reasonable compensation for such services, and also of the extent and nature of the use which was made by said defendant of the horses and wagon or wagons of said complainant, and during what period the same were so used, and what would be a reasonable compensation for such use, and also what moneys the said complainant has advanced or paid for the use of said defendant in and about the performance of said contract, and which have not heretofore been repaid by the said defendant to the said complainant, and also of what moneys the said defendant has collected or retained from the wages

22

of his laborers, or might, with reasonable diligence, have so collected and retained, for the use of said complainant, for wages by him advanced, and goods by him sold, to said laborers, and of which advances and sales said Walsh had given previous notice to said defendant, and which said defendant has not heretofore paid over to said complainant, and also what would be a reasonable compensation to 'be paid by the said complainant to said defendant, for his services in collecting and retaining from the wages of his said laborers the said sums due from them to said complainant, and paying over the same to him; and, in taking said account, the master is to set off the compensation found to be due to the said defendant for the said collection and payment, against any sums found to be due from said defendant to said complainant, upon the taking of the account herein directed; and, further, that the evidence already taken in this cause, so far as the same is material, may be used by either party before said master, and that both of said parties be at liberty to produce further evidence before the said master in support and disproof of the items of their respective claims, and that the said master is to make his report with all convenient speed.

And it is further ordered, adjudged and decreed, that the injunction heretofore issued in this cause be so far modified, and the same is, hereby, so far modified, as to permit the Delaware, Lackawanna & Western Railroad Company to. pay to said defendant all moneys due from them to him on account of the making of said Bergen tunnel, save and except the sum of $10,000, as to which amount the said injunction is retained.

And all further equity is reserved until the coming in of said master's report.

The opinion of the court was delivered by

DODD, J.

John McAndrew, the defendant below, contracted, in 1873, with the Delaware and Lackawanna Railroad Com-

pany, to construct a tunnel through Bergen Hill. The tunnel was completed about May, 1877. In the following July, Peter Walsh filed the bill in this suit for an accounting against McAndrew, and the recovery of an equal share with him in the profits of the work. The bill does not allege, in express terms, nor in necessary effect, the existence of a partnership between them, but sets forth a verbal agreement under which Walsh (who, at that time, was doing business in Scranton, where McAndrew also resided) was to become security on McAndrew's bond for the performance of the contract, to give up his business in Scranton, remove to Jersey City, assist in the prosecution of the work by his personal services and by advances of money, and, upon the completion of the job, to be repaid his advances, and, in addition, an equal share of the profits. The bill alleges that the complainant carried out this agreement on his part; that large profits resulted, and that the company (which is also a defendant) has not yet paid to McAndrew the balance remaining due. The relief prayed for includes an accounting and an injunction restraining, meanwhile, the payment of such balance.

The answer denies the making of any agreement whatever, by which Walsh was to be employed or was to share in the profits, and denies that he, in fact, rendered any services or made any advances of money, as stated in the bill. It says, in substance, that after Walsh had become surety for McAndrew, the latter represented to him that he could do a good business on the tunnel premises, by McAndrew's aid, in selling groceries and other articles to his workmen; that McAndrew permitted him to set up a store near the works, and agreed to use his influence among the workmen to induce them to deal at the store, and also agreed that the amount of the bills of the workmen should be sent to his office, to be deducted from the amounts due them respectively, on pay-days; that this arrangement was carried out; that Walsh gave his time and attention to the business of the store, and made from it

large profits, down to about January, 1876, when he gave up the business and returned to Scranton.

A large volume of testimony was taken upon these issues of fact, and, a hearing having been had before an advisory master, a decree was made adjudging that the complainant was entitled to an account, and, if any profits should be found to have resulted, to be paid out of them, not the one-half part claimed by the bill, but such amount as, upon a reference, the services rendered by the complainant should be found to be reasonably worth. The moneys advanced by Walsh, and the moneys collected, or which ought to have been collected, by McAndrew, for complainant's use, for goods sold the laborers, were decreed to be repaid, irrespective of the profits, out of what might be due from the company on the contract, and also an injunction granted restraining in their hands $10,000 of such moneys pending the suit.

In the judgment of the advisory master, the proofs did not admit the conclusion that there was an agreement of partnership, or an agreement for an equal, or for any specific, definite division of the profits, and the manifest correctness of this judgment was not disputed on the argument of the appeal. But the master inferred, from the evidence, an agreement between the parties that Walsh was to be employed to aid McAndrew in the work, and was to be paid, out of the profits, whatever his services were worth—if no profits, no compensation for services; but, in any event, a repayment of moneys advanced and of moneys collected or due from workmen, as stated above. There is, I think, a clear failure of proof to warrant the inference of any agreement or understanding between the parties for a compensation out of the profits, and, for this reason, without reference to the question whether any agreement existed for the rendering of services, or whether services were, in fact, rendered, or moneys advanced by the complainant, there is no ground for equitable relief, and the decree must, consequently, fall.

Burnett v. Jersey City.

No review of the testimony of the numerous witnesses in the cause is deemed to be requisite. Whether, if an agreement had been shown entitling the complainant to a share of the profits, not as a partner, but by way of compensation for services as an employe, the bill would be good for an accounting in the first instance, without bringing an action at law to recover the stipulated moneys, is a question which was not discussed at the argument, and upon which no opinion is meant to be intimated. Reference was made to the cases of *Nutting* v. *Colt, 3 Hal. Ch. 539,* and *Hargrave* v. *Conroy, 4 C. E. Gr. 281,* but the rulings therein adopted on this point were not drawn under review in the argument here.

The decree must be reversed, and the bill dismissed, with costs.

Decree unanimously reversed.